### THE NEW YORK CENTRAL NO. 12.

(District Court, E. D. New York. July 5, 1922.)

Salvage ⊕⇒22—Tug held not negligent in securing drifting barges to pier.

The experienced master of a tug, finding, on coming into a slip during a gale, that a number of barges which had been moored to a pier in tiers had broken loose, replaced and secured them with new lines. *Held*, that he was not chargeable with negligence which rendered the tug liable for injuries resulting from the subsequent parting of such lines.

In Admiralty. Suit by the Petrie Transportation Company, against the steam tug New York Central No. 12; the New York Central Railroad Company, claimant. Decree for respondent.

Decree affirmed 295 Fed. 523.

Foley & Martin, of New York City, for libelant.
Bigham, Englar & Jones, of New York City, for claimant.

GARVIN, District Judge. Several barges lay moored, one outside the other, at the south of Pier 22, Brooklyn, N. Y. The Nettie Petrie was the outer barge. Another tier lay a few feet nearer the outer end of the pier. Of the latter tier the barge Livingston was moored alongside the pier, and next to it lay the Lehigh Valley No. 40.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On March 6, 1920, a gale was blowing and about 10 o'clock a. m., the lines from the Livingston to the pier parted and her tier was driven against the other, so that for several hours the barges were in confusion surrounding the end of Pier 23, which is much shorter than those on either side. At about 2 o'clock p. m. the New York Central tug No. 12 came into the slip and seeing the position of the barges, ran a line to one in the outer tier, and pulled the tier back into its original position. New lines were furnished to the barge Livingston with which she was fastened to the pier, and the captain of the tug, a man of wide experience, according to the testimony, saw that new lines were placed from the Lehigh Valley No. 40 to the Livingston. The latter lines parted after they were made fast, and the tier swung into the Petrie, causing her damage.

Recovery can be had only upon the theory that the tug was guilty of negligence. From the foregoing, it does not appear that the captain of the tug could reasonably have been expected to do more than he did. The authorities hold that the exercise of reasonable discretion of experienced navigators is all that is required, coupled, of course, with an honest intent to do their duty. Nannie Lamberton, 85 Fed. 983, 29 C. C. A. 519. What happened was in the nature of an unavoidable action, for which the tug is not responsible.

The libel is dismissed.